**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Jamal Atalla, | CV 09-1610-PHX-NVW |
| Petitioner, | **ORDER** |
| vs. | |
| John Kramer, District Director of United States Citizenship and Immigration Services, United States Citizenship and Immigration Services | |
| Respondents. | |

Pending before the Court is Respondents' Motion for Summary Judgment. (Doc. #17).

Respondents initially moved for summary judgment on two issues: (1) whether Atalla testified falsely when he applied for naturalization; and (2) whether, in doing so, Atalla intended to deceive United States Citizenship and Immigration Services (USCIS). In their Reply, however, Respondents conceded that there was a genuine issue of material fact as to whether Atalla intended to deceive USCIS, but contended that they were still entitled to summary judgment as to whether Atalla testified falsely.

The Court is not required to grant summary judgment even when it appears that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56 advisory committee's note on 2007 amendments (citing *Kennedy v. Silas Mason Co.,* 334 U.S. 249, 256-57 (1948)) ("It is established that although there is no discretion to enter summary judgment when there is a genuine issue of material fact, there is discretion to deny summary

1  judgment when it appears that there is no genuine issue as to any material fact."). Nor
2  would it be wise to do so in this case. It would not conserve judicial resources for the
3  Court to grant summary judgment solely on the issue of whether Atalla provided false
4  testimony. A hearing pursuant to 8 U.S.C. § 1421(c) would still be required on the
5  separate issue of Atalla's intent, and most, if not all, of the evidence relevant to that issue
6  would also be relevant to the issue of whether Atalla testified falsely. Because the two
7  issues are intertwined, it would be more efficient for the Court to consider both issues
8  during the 8 U.S.C. § 1421(c) hearing.

IT IS THEREFORE ORDERED that Respondents' Motion for Summary Judgment (doc. #17) is denied.

IT IS FURTHER ORDERED that the Stay of Discovery issued December 2, 2009 (doc. #19) is lifted and discovery may proceed. By separate order, the Court will set a Scheduling Conference.

DATED this 12th day of March, 2010.

_____
Neil V. Wake
United States District Judge