**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamal Atalla,<br><br>      Petitioner,<br><br>vs.<br><br>John Kramer, District Director of United States Citizenship and Immigration Services, and United States Citizenship and Immigration Services,<br><br>      Respondents. | No. CV 09-01610-PHX-NVW<br><br>**ORDER** |

Before the Court is Petitioner's Motion for Attorneys' Fees and Expenses (Doc. 103).

**I.  Procedural Background**

On May 5, 2002, Petitioner filed an application for naturalization. U.S. Citizenship and Immigration Services ("USCIS") interviewed him in 2004, 2006, and 2008. On September 10, 2008, USCIS denied Petitioner's naturalization application based on a finding of lack of good moral character. On October 9, 2008, he administratively appealed the naturalization denial. On April 7, 2009, USCIS affirmed the denial based on a finding of lack of good moral character. On August 4, 2009, Petitioner filed the present action.

An evidentiary hearing on Petitioner's naturalization application was held on April 5, 6, 7, and 8, 2011. On June 20, 2011, the Court entered judgment granting Petitioner's application. (Doc. 99.) On July 5, 2011, Petitioner moved for award of attorneys' fees

and related expenses pursuant to 28 U.S.C. § 2412. (Doc. 103.) On July 20, 2011, Petitioner filed a memorandum and documentation supporting his application, seeking $219,261.00 for fees and $13,078.18 for non-taxable costs. (Doc. 104.)

## II.     Legal Standard

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" refers to both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

The party seeking fees has the burden of establishing that he is a prevailing party, the fee application was submitted within 30 days of final judgment in the action and was supported by an itemized statement, and, if an individual, his net worth did not exceed $2,000,000 at the time the civil action was filed. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(B). *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991). "Once a party's eligibility has been proven, an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Id.* at 1495. The government bears the burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA. *Id.*

Petitioner's fee application was timely filed. He has filed an affidavit stating that his net worth did not exceed $2,000,000 at the time he filed this action. Respondents do not dispute that Petitioner is a prevailing party and do not contend that special circumstances make an award unjust.

### III. Analysis

#### A. Respondents' Position Was Not Substantially Justified.

Under 28 U.S.C. § 2412(d)(1)(A), "substantially justified" means "justified in substance or in the main," "justified to a degree that could satisfy a reasonable person," and having a "reasonable basis both in law and fact." *Comm'r v. Jean*, 496 U.S. 154, 158 (1990); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "Substantially justified means . . . more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566.

Respondents' position was that Petitioner lacked good moral character because he had given false testimony for the purpose of obtaining an immigration benefit. *See* 8 U.S.C. § 1101(f). For an applicant's false testimony to preclude a finding of good moral character under 8 U.S.C. § 1101(6), "the testimony must have been made orally and under oath, and the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits." *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). During this action, Respondents conceded that donating to an organization does not make one a "member of or associated with" the organization.

Respondents contend that their position prior to and during litigation was substantially justified because they believed Petitioner "knowingly associated with terrorist organizations," failed to volunteer any information about his connection to the Global Relief Foundation ("GRF") until he was questioned specifically about the GRF during his first naturalization interview, and failed to voluntarily disclose the full extent of his involvement with the GRF. In other words, Respondents claim their position was justified by the fact that when Petitioner completed his unsworn naturalization application in 2002, he did not identify GRF in response to a question asking for the name of each group that he had ever been a member of or associated with although he did indicate that he had traveled to Azerbaijan in 2000. But in 2004, during his first naturalization interview, Petitioner responded to questions about GRF and disclosed that he knew

- 3 -

GRF's chairperson, donated money to GRF, collected donations for GRF, assisted GRF in establishing a medical clinic in Azerbaijan, and talked with GRF's chairperson by telephone every couple of months or so. Failure to volunteer information *before* the first interview does not justify taking the position that Petitioner lacked good moral character because he had given false sworn oral testimony with a subjective intent to deceive for the purpose of obtaining immigration benefits.

Therefore, Respondents have not met their burden to prove the substantial justification exception to the mandatory award of fees under the EAJA.

**B.     The Fee Award Should Not Be Capped at $75,000.**

Petitioner's counsel, Osborn Maledon, agreed it would not seek to collect from Petitioner fees incurred in excess of $75,000. Respondents contend that because Petitioner's obligation to pay was capped at $75,000, he has not "incurred" more than $75,000 in fees reimbursable under 28 U.S.C. 2412(d)(1)(A).

"It is well-settled that an award of attorneys fees [under EAJA] is not necessarily contingent upon an obligation to pay counsel. . . . The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards." *Nadarajah v. Holder*, 569 F.3d 906, 916 (9th Cir. 2009) (quoting *Ed A. Wilson, Inc. v. GSA*, 126 F.3d 1406, 1409 (11th Cir. 1997)). However, there must be an express or implied agreement that the fee award will be paid to the legal counsel. *Id.*; *Ed A. Wilson*, 126 F.3d at 1409.

It is undisputed that Osborn Maledon has an attorney-client relationship with Petitioner and that the fee award will be paid to Osborn Maledon. Therefore, the fee award will not be capped at $75,000.

**C.     Petitioner Is Not Entitled to an Enhanced Fee Award.**

Pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rates under the EAJA, adjusted for increases in cost of living, are $172.24/hour for work performed in 2009, $175.06/hour for work performed in 2010, and $179.51/hour for

- 4 -

1 work performed in the first half of 2011.[1]  Under § 2412(d)(2)(A)(ii), fees may be
2 awarded in excess of the applicable statutory maximum hourly rate if the Court
3 determines that a higher fee is justified because of a "special factor, such as the limited
4 availability of qualified attorneys for the proceedings involved."

5 The burden rests on Petitioner to demonstrate his entitlement to higher fees.  *See*
6 *Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008).
7 He must prove that (1) the attorney possesses distinctive knowledge and skills developed
8 through a practice specialty, (2) those distinctive skills were needed in the litigation, and
9 (3) those skills were not available elsewhere at the statutory rate.  *Id.* at 1158; *see also*
10 *Nadarajah*, 569 F.3d at 912.

11 Petitioner does not contend that his Osborn Maledon attorneys possessed
12 distinctive knowledge and skills developed through a practice specialty, those distinctive
13 skills were needed in the litigation, and those skills were not available elsewhere at the
14 statutory rate.  Even if Petitioner's attorneys specialized in immigration law, the practice
15 of immigration law is not classified as a specialty generally justifying enhanced hourly
16 rates under § 2412(d)(2)(A)(ii).  *Thangaraja*, 428 F.3d at 876; *Nadarajah*, 569 F.3d at
17 913.  Petitioner would need to further establish that his attorneys possessed some
18 distinctive knowledge or specialized skill necessary to litigating this case.  But he
19 contends only that the requested fee amount, based on hourly rates in excess of the
20 adjusted EAJA rates, is reasonable and justified because "(1) there is a shortage of
21 qualified attorneys willing to handle a full trial in the district court of a naturalization
22 decision based on the good moral character provisions of the federal immigration laws
23 and (2) among those attorneys willing to try cases in district court, the hourly rates
24 charged are comparable to the rates requested by [Petitioner]."  (Doc. 115 at 7.)

---

[1] *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited on Dec. 12, 2011).

- 5 -

Willingness to try cases in court at the EAJA hourly rate is not equivalent to having distinctive knowledge or specialized skill developed through a practice specialty and necessary to litigate a particular case, and general observations about the willingness of qualified attorneys are not sufficient to establish an exception under 28 U.S.C. § 2412(d)(2)(A)(ii). *See Love*, 924 F.2d at 1496-97; *Natural Resources Defense Council*, 543 F.3d at 1161-61.

### D. Time Entry Objections.

The Court has considered Respondents' objections to specific time entries and expenses and overrules all but one of them. The time entry objections fall into a few categories. The most frequent objection is "inadequate description." Many of the descriptions are sparse. However, in light of the narrative as a whole and the Court's familiarity with the extensive proceedings, they are sufficient to conclude that they properly pertain to this case and are reasonable. Other objections, sometimes characterized as "clerical tasks," relate to conferences and giving direction to subordinates working on the case. Such conferences and directions are essential to division of labor and are proper. Such entries as "consider deposition," which means reading the deposition, are sufficient and the tasks are necessary. Even a lawyer must sometimes organize her file, which cannot be delegated to a clerical employee, because the lawyer knows how to organize her file, so that objection is overruled. In considering these objections the Court considers that the narratives need not disclose strategies or attorney thought processes, especially because this case is on appeal.

Petitioner's objection to $4,861.60 in photocopying charges will be sustained, as it is not shown that the charges are actual outside expenses incurred. Respondents' suggestion of $1,861.60 will be allowed instead.

Therefore, fees will be awarded pursuant to 28 U.S.C. § 2412 at the applicable statutory maximum hourly rates under the EAJA, adjusted for increases in cost of living,

1 for all of the time requested, in the total amount of $116,643.24.  Non-taxable costs will
2 be awarded in the amount of $10,078.18.

3     IT IS THEREFORE ORDERED that Petitioner's Motion for Attorneys' Fees and
4 Expenses (Doc. 103) is granted in the amount of $126,721.42 pursuant to 28 U.S.C.
5 § 2412.

6     IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Petitioner
7 Jamal Atalla, M.D., against Respondents John Kramer, District Director of United States
8 Citizenship and Immigration Services, in his official capacity, and United States
9 Citizenship and Immigration Services for attorney fees and non-taxable costs in the
10 amount of $126,721.42, plus interest at the federal rate until paid.

11     DATED this 14th day of December, 2011.

_____
Neil V. Wake
United States District Judge