**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamal Atalla,<br><br>    Petitioner,<br><br>vs.<br><br>John Kramer, District Director of United States Citizenship and Immigration Services, and United States Citizenship and Immigration Services,<br><br>    Respondents. | No. CV 09-01610-PHX-NVW<br><br>**ORDER** |

      Pending before the Court is Respondents' Motion to Alter or Amend Judgment (Doc. 121). Reconsideration of a prior order is appropriate in very limited circumstances. A court should reconsider its ruling if it is presented with newly discovered evidence, shown that it committed clear error, or there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or, v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Respondents do not offer newly discovered evidence or note an intervening change in controlling law.

      Respondents request reconsideration of the order granting Petitioner attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 119.) Under the EAJA, the government bears the burden of proving the special circumstances or substantial justification exceptions to the mandatory award of fees under the EAJA to an eligible party. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

1  Respondents contend their litigation position was substantially justified because a
2  reasonable person considering the record "as a whole" could conclude Petitioner provided
3  false and misleading sworn testimony during his three naturalization interviews.  The
4  Court made detailed, specific findings of fact regarding Petitioner's three sworn oral
5  statements, including lengthy excerpts from transcripts of the recorded interviews, which
6  support its conclusion that Petitioner did not give false sworn oral testimony with the
7  subjective intent to obtain an immigration benefit.  (Doc. 99 at 10-20.)  In their motion for
8  reconsideration, Respondents have not identified any clear error in those findings, but
9  instead urge reconsideration of whether Petitioner made false written statements on his
10 application for naturalization and "played an elaborate game of semantics throughout his
11 naturalization proceedings."  This argument was previously presented, considered, and
12 rejected.

13  Respondents further contend that "USCIS was not so far afield that it deserves to
14 pay EAJA fees."  Award of fees under the EAJA is not a sanction imposed on the
15 government when it deserves punishment.  Rather, the EAJA mandates fee awards unless
16 the government proves an exception.  Here, it did not.

17  Respondents also contend that special circumstances counsel against an award of
18 EAJA fees because the USCIS believed Petitioner posed a threat to national security and
19 it should be allowed "greater latitude in cases where USCIS is vigorously defending
20 against the naturalization of an alien with a nexus to national security."  Respondents
21 state that their "litigation position is often driven by third-agency information upon which
22 it is not authorized to reveal [or] rely upon in its defense," leaving them "empty handed"
23 when it comes to matters of proof at trial, but they should not be forced to accede to the
24 granting of immigration benefits to known or suspected terrorists.  Our justice system,
25 however, requires courts to make findings based on admitted evidence, not by speculating
26 about possible evidence not admitted or even offered.  Whether Respondents choose to
27 oppose naturalization of an individual based on evidence they cannot or will not reveal is
28 a policy decision they are free to make, but their policy decision, without more, does not

constitute special circumstances making an award unjust under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A). Creating a national security exception to the EAJA is the responsibility of Congress, not of this Court.

IT IS THEREFORE ORDERED that Respondents' Motion to Alter or Amend Judgment (Doc. 121) is denied.

DATED this 18th day of January, 2012.

_____
Neil V. Wake
United States District Judge